UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF PAULA O'CONNOR
AND ALIJAH O'CONNOR and ALL
STATUTORY SURVIVORS (pursuant
to Fla. Stat. § 768.21, *et seq.*),

                **Plaintiffs,**

vs.                                                      Case No. 8:12-cv-02070-T-27MAP

UNITED STATES OF AMERICA, *et al.*,

                **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion to Dismiss (Dkt. 7), Plaintiffs' Motion to Amend Complaint (Dkt. 13), and Plaintiffs' Motion to Abate Ruling in Part on Defendant's Motion to Dismiss (Dkt. 14).

### Introduction

The United States moves to dismiss Plaintiffs' Wrongful Death Complaint for Damages on the grounds that (1) Plaintiffs' claims are time barred under to 28 U.S.C. § 2401(b); (2) the United States cannot be held vicariously liable for a tort committed by the assailant who acted outside the scope of his employment; and (3) Plaintiffs' claims are excepted under the Federal Tort Claims Act ("FTCA").[1] In response, Plaintiffs request that the Court (1) rule on whether Plaintiffs' claims are barred by the statute of limitations;(2) abate ruling on the remaining issues raised in Defendant's Motion to Dismiss; and (3) grant them leave to file an amended complaint.

---

[1] Defendant, Ralph Daniel Wright, Jr., who is currently incarcerated and awaiting trial for the murders of Paula O'Connor and Alijah O'Connor, was served with process on September 28, 2012 (Dkt. 6), but failed to file a timely response to the Wrongful Death Complaint for Damages.

As will be discussed, Defendant's facial attack on subject-matter jurisdiction *vis a vis* the statute of limitations cannot be resolved from the face of the pleadings. And because Plaintiffs are generally entitled to file an amended complaint as a matter of right, *see* Fed. R. Civ. P. 15(a)(1); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001), Defendant's Motion to Dismiss will be denied and Plaintiffs will be granted leave to file an amended complaint.

## Background

On July 6, 2007, Paula O'Connor and her 14 month old son, Alijah O'Connor, were murdered by Ralph Daniel Wright, Jr. ("**Wright**"). *See, e.g.*, Wrongful Death Complaint for Damages (Dkt. 1), ¶ 35. At the time of the murders, Wright was a United States Air Force Technical Sergeant stationed at MacDill Air Force Base in Tampa, Florida. *See, e.g., id.* at ¶¶ 35, 36.

It is undisputed that Plaintiffs filed their Notice of Claim with the United States on August 8, 2011, more than four years after the murders. *Id.* at ¶ 7.[2] The United States denied Plaintiffs' claims on March 16, 2012. *Id.* at ¶ 29. Plaintiffs filed this wrongful death action against the United States on September 13, 2012, within six months of the denial.

## Discussion

The United States argues that Plaintiffs' claims are barred by the limitations period applicable to claims under the FTCA. The applicable federal statute provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within *two years* after such claim accrues *or* unless action is begun within *six months* after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

---

[2] Elsewhere in the Wrongful Death Complaint for Damages, Plaintiffs allege that they filed their Notice of Claim (Form 95) on August 11, 2011. *See id.* at ¶ 29.

2

28 U.S.C. § 2401(b) (emphasis added).[3] The issue is whether Plaintiffs' claims are time barred because they failed to present their claims to the appropriate federal agency within two years after their claim accrued. Defendant makes a plausible argument that the claims are time barred.

Under § 2401(b), the limitations period generally begins to run when a plaintiff suffers injury. *See, e.g., Chamness v. United States*, 835 F.2d 1350, 1352 (11th Cir. 1988); *Price v. United States*, 775 F.2d 1491, 1493 (11th Cir. 1985). In wrongful death actions under the FTCA, however, "a wrongful death claim accrues when the plaintiff knows, or exercising reasonable diligence should know, both of the decedent's death and its causal connection with the government." *Diaz v. United States*, 165 F.3d 1337, 1340 (11th Cir. 1999).

Defendant points out that although the incident giving rise to Plaintiffs' claims occurred on July 6, 2007, Plaintiffs did not file a Notice of Claim with the United States until four years later, on August 8, 2011. Defendant argues that, at the very latest, Plaintiffs' claims accrued when Wright was indicted for the murders on December 18, 2008, and that the two year limitations period expired on December 18, 2010.

Plaintiffs respond that the United States should be estopped from asserting the statute of limitations as a defense to this action under the theory of equitable estoppel. *See* Wrongful Death Complaint for Damages (Dkt. 1), ¶ 20. Specifically, Plaintiffs argue that "the two (2) year Statute of Limitation has either yet to accrue or is tolled until such time Mr. Wright has been convicted of the murder of decedent Plaintiffs, or based upon [the] extraordinary circumstances of this case and

---

[3] When, as here, federal law expressly provides a limitations period, the applicable limitations period is governed by federal law. *See, e.g., Phillips v. United States*, 260 F.3d 1316, 1318 (11th Cir. 2001). And the question of when a claim accrues for purposes of the FTCA is a matter of federal law. *Id.* at 1318-19. The Eleventh Circuit has recognized that the timely filing of a claim under 28 U.S.C. § 2401 is a prerequisite to federal court jurisdiction under the FTCA. *See Torjagbo v. United States*, 285 Fed. App'x 615, 617 (11th Cir. 2008).

the applicable law, under the theory of Equitable Estoppel ... ." Plaintiffs' Partial Response to Defendant's Motion to Dismiss (Dkt. 12), ¶ 24.[4]

Plaintiffs allege in their complaint that the conduct of the United States and the State Attorney's Office hindered their ability to investigate the circumstances surrounding the deaths of Alijah O'Connor and Paula O'Occonor. *See, e.g.,* Wrongful Death Complaint for Damages (Dkt. 1), ¶ 13. With respect to the United States, Plaintiffs allege:

- "[O]ther than a general denial of this claim, the Air force [sic], has remained silent and has not provided the survivors or their attorneys with any information and over the years have [sic] either ignored or avoided survivor's phone calls and attempts to obtain information." *Id.* at ¶ 17.

- "[B]ased upon the 'code of silence'" and the "Airforce's [sic] conduct, the USA should be estopped from asserting any potential defense to the untimeliness of this lawsuit or the statute of limitations, under the theory of equitable estoppel." *Id.* at ¶¶ 19, 20.

Plaintiffs further contend that, given the pendency of the criminal trial against Wright, the statute of limitations governing Plaintiffs' claim has yet to be triggered. *See, e.g.*, Plaintiff's Partial Response to Defendant's Motion to Dismiss (Dkt. 12), ¶ 39.

In support of their claim that equitable tolling applies, Plaintiffs cite *Irwin v. Department of Veteran Affairs*, 498 U.S. 89 (1990). In *Irwin*, the Court found that equitable tolling applies to suits against the Government, but observed that "[f]ederal courts have typically extended equitable relief only sparingly." 498 U.S. at 96.[5]

---

[4] Federal courts, including courts in this Circuit, appear divided as to whether the doctrine of equitable tolling or equitable estoppel applies to claims under the FTCA. *Compare S.R. v. United States*, 555 F.Supp.2d. 1350 (S.D. Fla. 2008) (FTCA's two-year limitations period was subject to equitable tolling), *with Ramos v. United States Dep't of Health and Human Services*, 429 Fed. App'x 947 (11th Cir. 2011) (assuming, without deciding, that equitable tolling may apply to claims brought under the FTCA).

[5] Subsequently, the holding in *Irwin* was limited by the Court with respect to tax cases. *see United States v. Brockamp*, 519 U.S. 347 (1997).

Although the Court is not persuaded that (1) equitable tolling applies here, or that (2) Plaintiffs' allegations relating to their inability to discover the facts giving rise to their claims against the United States support the application of equitable estoppel against the United States, at this stage of the pleadings it is not "apparent on the face of the complaint" that Plaintiffs' claims are time barred by 28 U.S.C. § 2401. In short, when Plaintiffs' claims accrued cannot be determined from the face of the complaint. Accordingly, Defendant's facial attack on subject-matter jurisdiction cannot be resolved on its motion to dismiss. *See Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002) (noting that on facial attacks to subject-matter jurisdiction, plaintiff's allegations are entitled to presumption of truthfulness).

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Dismiss (Dkt. 7) is **DENIED** without prejudice.

(2) Plaintiffs' Motion to Amend Complaint (Dkt. 13) is **GRANTED**. Plaintiffs are granted leave to file an Amended Complaint within **fourteen (14) days** from the date of this Order.

(3) Plaintiff's Motion to Abate Ruling in Part on Defendants' Motion to Dismiss (Dkt. 14) is **DENIED** as moot.

**DONE AND ORDERED** this 15th day of January, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

5